FLORENTINO SCHIAVINO *vs.* ANTONIA SALZILLO *et al.*

JUNE 15, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Mortgages. Equity of Redemption. Garnishment.*

The surplus from mortgagee's sale in any given case is to be treated either as personalty or real estate as justice and equity require in order to protect the rights of persons interested in the fund.

*(2) Mortgages. Equity of Redemption. Garnishment.*

B. attached real estate of C. and thereafter mortgagee foreclosed by her attorney who received the proceeds of sale, which were sufficient to pay the mortgage debt and leave a surplus sufficient to pay the claim of B. X. brought an action against B. and C. in which garnishment was made of the personal estate of defendants in the hands of the attorney. B. recovered judgment against C. the action of X. being undetermined.

On bill in equity by B. against mortgagee and her attorney to require respondents to pay to complainant the surplus.—

*Held,* that B. was entitled to the amount of his judgment and that even if the surplus was regarded as personalty the garnishment was invalid as to any interest of either B. or C. therein.

BILL IN EQUITY for accounting. Heard on appeal of respondents and dismissed.

STEARNS, J. This is a bill in equity brought for an accounting and to require respondents to pay to complainant the surplus remaining in the possession of the respondents, or either of them, from the proceeds of a mortgagee's sale.

The facts are admitted in the answer, but respondents claim they should not be required to pay said surplus to complainant because a third party has garnished the surplus in the hands and possession of the respondent Fiore De Simone in an action at law brought against one Carmela Schiavino and this complainant.

Carmela Schiavino owned certain real estate upon which there was a mortgage made by her to the respondent Antonia Salzillo. November 25, 1921, the complainant Florentino Schiavino brought suit against Carmela Schiavino and attached said real estate. On the same day, but after the levy of attachment, Salzillo, the mortgagee, caused the

premises to be sold at public auction under the terms of the power of sale contained in the mortgage deed, by her attorney De Simone, the other respondent. De Simone received the proceeds of the sale and still has this fund in his possession, which is sufficient to pay the mortgage debt, expenses of sale, etc., and to leave a surplus sufficient to pay complainant's claim if he is entitled to receive it.

December 3, 1921, one Pasquale Siravo brought suit against Florentino Schiavino and Carmela Schiavino in which garnishment was made on the same day of the personal estate of said defendants, in the hands and possession of respondent Fiore De Simone. This action is still pending and is undetermined.

May 10, 1922, Florentino Schiavino recovered judgment in his suit against Carmela Schiavino. Execution on this judgment was issued and returned unsatisfied, and complainant then brought this bill in equity. After a hearing in the Superior Court by decree it was ordered that respondents pay to complainant the amount of his judgment and costs and that upon payment of said amount by either of said respondents, both of said respondents should be discharged from all further liability under the bill.

The cause is here on the appeal of the respondents, in which it is claimed that said decree is contrary to law. The trial justice held that the surplus represented the equity of redemption and was therefore in the hands of the law and not subject to garnishment; that complainant by his attachment of the equity of redemption acquired thereby no ownership of the surplus, which would subject such surplus to garnishment prior to the issuance of execution on the judgment, and that, after issuance of execution, the mortgagee could not be subjected to garnishment any more than an execution debtor is subject to garnishment, as the result would be to allow another tribunal or another officer to interfere with the execution of the court's powers and would subject the garnishee to a double execution.

Respondents contend that real estate when attached, unlike personal property, is not in the custody of the law and rely on *De Wolf* v. *Murphy*, 11 R. I. 630, to this effect. Assuming this to be a correct statement of the law, our inquiry then is as to the nature and character of the property represented by a surplus arising from a mortgagee's sale.

In *Chaffee* v. *Franklin*, 11 R. I. 578, it was held that if a sale under the mortgage takes place before the mortgagor's death, the surplus is in some cases held to be personal estate, but if after the death of the mortgagor the surplus will be treated as real estate, so far as necessary to protect the rights of any persons interested; that the widow, if she would have been entitled to dower, is entitled to the value of her dower in the surplus, which is still a part of the real estate and as such descends to the heirs, and that the administrator of the estate of the mortgagor was not entitled to the surplus and could not maintain a suit for such surplus in the hands of the mortgagee. In *De Wolf* v. *Murphy*, 11 R. I. 630, it was held that, where the husband, the mortgagor, and his wife were both living, a surplus from mortgagee's sale would be treated as real estate and the claim of the wife to have her *inchoate* right of dower in such surplus would be recognized and protected.

The surplus is the equity of redemption converted into money, which the mortgagor or the owner of the equity of redemption can recover from the mortgagee in an action for money had and received. *Reynolds* v. *Hennessy*, 15 R. I. 215.

(1) It thus appears that the surplus in any given case is to be treated either as personalty or real estate as justice and equity require in order to protect the rights of any persons interested in the fund. The garnishment was invalid and inoperative as to any interest of Florentino Schiavino in the surplus, as at the time of the service of the writ of garnishment his claim had not been proved and reduced to a judgment. His claim to an interest in the surplus was conditional and not absolute and even if we regard the surplus in this instance as personalty, garnishment will not lie in the

circumstances. The garnishment was inoperative and invalid as to the interest of Carmela Schiavino. The legal obligation of De Simone, the garnishee, was to pay the proceeds of the sale to Salzillo, the mortgagee, his principal, and there was no contractual relation either express or implied between Carmela Schiavino and Salzillo which would support an action at law. The fund in the hands of Salzillo was a mixed fund belonging in part to Salzillo, the mortgagee, and in part to Carmela, the mortgagor; the exact proportion belonging to each, the agent and garnishee had not the right nor was he required to determine. The claim of Carmela to the surplus could be enforced by an action at law against the mortgagee Salzillo, in which case the possession of the agent would be held to be the possession of the principal in the absence of conflicting rights of third parties in the fund. In the present case, at the time of garnishment there was a valid attachment on the mortgagor's interest in the surplus and in the circumstances we do not think such an interest is subject to garnishment by an attaching creditor whose rights have not yet been determined and whose claim had not been reduced to a judgment. If the surplus is regarded as real estate, it is not subject to garnishment; and if it is regarded as personalty, for the reasons stated we think the garnishment is inoperative.

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Judah Semonoff*, for complainant.
*McGovern & Slattery*, for respondents.